*ny which substantiated his alleged inability to perform his pre-injury job.*

98 Pa.Commw. 56, 61, 510 A.2d 896, 899 (1986) (emphasis added).

Given the status of the law at that time, the employer would have had no reason to introduce such evidence at the hearing. Under these circumstances, it would be unfair to premise reinstatement of benefits on Latta's testimony alone, without affording the employer an opportunity to rebut it, now that the employer is on notice that it has such a burden.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### ORDER

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Kevin B. WILSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1994.

Decided May 23, 1994.

Patrick J. Connors, Media, for K. Wilson.

William H. Ryan, Jr., Dennis C. McAndrews, Media, for Com.